## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:17-CV-594

RAMON CISNEROS-RUELAS,

    Plaintiff,

v.

MACHOL & JOHANNES, LLC,

    Defendant.

## COMPLAINT

### INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Ramon Cisneros-Ruelas ("**Plaintiff**" or "**Mr. Ruelas**"), an individual consumer, against Defendant Machol & Johannes, LLC (the **"Debt Collector"**) for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "**FDCPA**"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that the Debt Collector transact business in this District and the conduct complained of occurred in this District.

## PARTIES

4. Plaintiff is an individual who resides in California.

5. Plaintiff is a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

6. The Debt Collector is a Colorado Limited Liability Company.

7. The Debt Collector does business in Colorado.

8. The Debt Collector has a place of business at 700 17th Street, Suite 200, Denver, CO 80202.

9. The principal purpose of the Debt Collector in this state is the collection of debts.

10. The Debt Collector regularly attempts to collect debts from consumers alleged to be due another.

11. The Debt Collector is engaged in the collection of debts from consumers using the mail and telephone.

12. The Debt Collector operate as a collection agencies and is a "debt collector", as that term is defined by 15 U.S.C. § 1692a(6).

## FACTS

13. The Debt Collector has attempted to collect a financial obligation alleged to be owed by the Plaintiff that was primarily for personal, family, or household purposes in that the financial obligation arose from a personal credit card (the "**Debt**").

14. The Debt was assigned by the original creditor to the Debt Collector for collection after the Debt was in default.

15. The Debt is a "debt", as that term is defined by 15 U.S.C. § 1692a(5).

16. On May 1, 2015 , the Debt Collector initiated suit  to collect the Debt against Plaintiff in the County Court for El Paso County, Colorado in case number 2015C37136 (the **"County Court Action"**).

17. On May 1, 2015, Plaintiff did not reside in El Paso County, Colorado.

18. The contract underlying the debt was not signed in El Paso County, Colorado.

19. The Affidavit of Service filed in the County Court Action states that Plaintiff was personally served on April 22, 2015.

20. The Affidavit of Service filed in the County Court Action is false.

21. Because Plaintiff had not been served he did not file an answer and the Debt Collector obtained a default judgment.

22. In late January 2017, Plaintiff learned he had been sued when he sought to obtain a loan and was denied due to the judgment against him in the County Court Action.

## Respondeat Superior Liability

23. Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

24. The acts and omissions complained of herein were committed by an agent employed by the Debt Collector.

25. The acts and omissions of the agent complained of herein were within the scope, time, and space limitations of the agency relationship.

26. The acts and omissions by the agent were incidental to, or of the same general nature as, the responsibilities the agent was authorized to perform by the Debt Collector in collecting debts.

27. By committing these acts and omissions against the Plaintiff, the agent was motivated to benefit their principals, the Debt Collector

28. The Debt Collector is liable to Plaintiff through the doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by their agent in its attempts to collect a debt from Plaintiff.

## COUNT I
### (Violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*)

29. Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

30. 15 U.S.C. § 1692i requires that any debt collector who brings any legal action on a debt against any consumer shall bring the action in the judicial district or similar legal entity in which such consumer signed the contract sued upon, or in which such consumer resides at the commencement of the action.

31. The Debt Collector violated 15 U.S.C. § 1692i by filing the County Court Action in El Paso County, Colorado which is neither the judicial district in which Plaintiff signed the contract sued upon, nor where Plaintiff resided at the commencement of the action.

32. The foregoing acts and omissions of the Debt Collector constitute violations of the FDCPA.

33. Plaintiff has suffered and continues to suffer actual damages as a result of the Debt Collector's unlawful conduct.

34. Plaintiff is entitled to damages in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ramon Cisneros-Ruelas prays for relief and judgment, as follows:

1. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 for each Defendant;

2. Awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k;

3. Awarding Plaintiff reasonable attorney fees and costs incurred in this action;

4. Awarding Plaintiff pre-judgment and post-judgment interest as may be allowed under the law; and

5. Awarding such other and further relief as the Court may deem just and proper.

## **TRIAL BY JURY**

Plaintiff Ramon Cisneros-Ruelas is entitled to and hereby demands a trial by jury.

Dated: March 6, 2017

    Respectfully submitted,

/s/ Ahson B. Wali
Daniel J. Vedra
Ahson B. Wali
Vedra Wali LLC
1435 Larimer St. Suite 302
Denver, CO 80202
Phone: (303) 937-6540
Fax: (303) 937-6547
Email: daniel.vedra@vwfirm.com
      ahson.wali@vwfirm.com

5